UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

CARMELA MCCOY,                          Case No. 18-49076-MBM
                                                   Chapter 7
                                                   Hon. Marci B. McIvor
                       Debtor.     /

EDWARD THOMPSON,

         Plaintiff,

v.                                                                       Adv. Proc. No. 18-04441

CARMELA MCCOY,

         Defendant.
_____/

**OPINION: (1) DENYING PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT; (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AND (3) PERMITTING PLAINTIFF TO AMEND HIS COMPLAINT WITHIN 28 DAYS**

       There are two matters before the Court. The first matter is Plaintiff Edward Thompson's Motion for Judgment by Default. The second matter is Defendant Carmela McCoy's Motion to Dismiss the adversary proceeding filed by Plaintiff. Both Plaintiff and Defendant are representing themselves in this adversary proceeding. The Court has reviewed the pleadings filed by the parties and determined that oral argument will not provide any additional benefit to the Court. For the reasons set forth in this Opinion, the Court DENIES Plaintiff's Motion for Judgment by Default and GRANTS in part, Defendant's Motion to Dismiss Plaintiff's Complaint on the allegations pled under 11 U.S.C. § 523(a)(2), (a)(4) and (a)(6) and 11 U.S.C. §727(a)(3). Because Plaintiff has set forth allegations which might support a claim under 11

U.S.C. § 727(a)(5), Plaintiff may file an amended Complaint on or before March 20, 2019.

I.

FACTUAL BACKGROUND

On May 1, 2017, Carmela McCoy signed a lease to rent a fully furnished four bedroom home at 1410 Glass Lake Circle, Oxford, Michigan, from ELE Global Consulting Group for a period of two years. Edward Thompson signed the lease on behalf of the ELE Global Consulting Group.

Under the terms of the lease, rent was due on the first of every month in the amount of $1,500.00. The lease states, in part:

> **DEFAULT:** If the Tenant(s) fails to comply with any of the financial or material provisions of this Agreement . . . within the time period after delivery of written notice by the Landlord specifying the non-compliance and indicating the intention of the Landlord to terminate the Agreement by reason thereof, the Landlord may terminate this Agreement. If the Tenant(s) fails to pay rent when due and the default continues for the time-period specified in the written notice thereunder, the Landlord may, at their option, declare the entire balance (compiling all months applicable to this Agreement) of rent payable hereunder to be immediately due and payable and may exercise any and all rights and remedies available to the Landlord at law or in equity and may immediately terminate this Agreement.
>
> The Tenant(s) will be in default if: (a) Tenant(s) does not pay rent or other amounts that are owed. . . .

Docket No. 1, Lease, p. 5.

The lease also contained an early termination provision which provided:

> **EARLY TERMINATION:** The Tenant(s) may be allowed to cancel this Agreement under the following conditions:
>
> The Tenant(s) must provide at least 30 days' notice and pay an early termination fee of 1,000.00 (US Dollars) which does not include the rent due for the notice period. During the notice period of 30 days the rent shall be paid in accordance with this Agreement.

2

Docket No. 1, Lease, p. 5.

On May 10, 2017, the Wayne County Circuit Court entered a Judgment of Divorce between Carmela McCoy and Jeremie McCoy. The parties had two pieces of real property; both were awarded to Jeremie McCoy. Docket No. 1, Exhibit B, Real Property Addendum to Judgment of Divorce. Carmela McCoy received personal property with a value of $50,000. The personal property was Carmela McCoy's share of two funds at Fidelity.

On June 6, 2018, Edward Thompson filed a motion in the Oakland County Circuit Court titled, "Motion Ex Parte Temporary Restraining Order, Status Quo". In this motion, Thompson sought an order preventing Carmela McCoy from spending monies from the divorce settlement until Thompson was paid on the lease obligation. In the motion, Thompson alleged that McCoy had vacated the home in Oxford and defaulted on the lease payments.

On June 26, 2018, Carmela McCoy ("Defendant") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The deadline for filing objections to discharge was set for September 24, 2018.

On July 13, 2018, Defendant filed her bankruptcy schedules. Schedule A (Schedule of Real Property) lists no real property. Schedule B (Schedule of Personal Property) lists personal property consisting of a car, household goods, a security deposit, and bank accounts with a total value of $9,868.00. Schedule I (Schedule of Income) states Defendant's gross monthly income as $2,000. Schedule J (Schedule of Expenses) shows expenses of $2,501.00.

On September 20, 2018, Edward Thompson ("Plaintiff") filed an adversary complaint against Defendant alleging non-dischargeability of a debt under 11 U.S.C. §523(a)(2)(A), 11 U.S.C. § 523(a)(4), and 11 U.S.C. § 523(a)(6) and objecting to Defendant's general discharge

3

under 11 U.S.C.§ 727(a)(3). In his Complaint, Plaintiff alleges that Defendant has significant assets, that Defendant is not collecting money on a rental property she owns, that Defendant is hiding information and property, and that Defendant has under-reported her assets on her Summary of Assets and Liabilities.

On October 9, 2018, this Court dismissed Plaintiff's adversary proceeding for failure to file an adversary cover sheet and pay filing fee. As a result of Plaintiff's failure to pay the filing fee, the case was closed. On October 9, 2018, this Court entered an Order of Discharge.

Later in the day on October 9, 2018, the Court received the filing fee and the Adversary Proceeding Cover Sheet.

On October 18, 2018, Plaintiff filed a Motion for Reconsideration of the Order of Discharge. Motions for reconsideration are governed by E.D. Mich. LBR 9024-1. That rule provides, in relevant part, that a motion for reconsideration will not be granted unless the moving party can demonstrate a palpable defect in the Court's ruling.

On October 22, 2018, this Court entered an Order Denying Edward Thompson's Motion for Reconsideration (Docket No. 26). The Court found that there was no palpable defect in this Court's issuance of the Order of Discharge. The Order stated:

> At the time the Order of Discharge was entered there was no pending adversary proceeding objecting to Debtor's discharge. Since there was no palpable defect in the Court's ruling, Creditor's Motion for Reconsideration of the Order of Discharge is denied.

The Order went on to state that the denial of the Motion for Reconsideration was without prejudice because the Court was reopening both the bankruptcy case and the adversary proceeding to permit Plaintiff to pursue his non-dischargeability complaint. The Order further states that, if Plaintiff is successful on his complaint objecting to discharge, Plaintiff may re-file

4

his Motion for Reconsideration.

On November 6, 2018, Plaintiff filed a proof of service and notice of a reissued summons.

On November 7, 2018, the Court issued an order regarding improper service of summons and complaint on Debtor.

On November 14, 2018, Plaintiff filed a corrected reissued summons and proof of service.

On November 26, 2018, Defendant filed a motion to dismiss for failure to state a claim or, in the alternative, for a more definite statement. A certificate of service was attached to Defendant's motion, stating that the motion was served on Edward Thompson at 5670 Legacy Drive B-3, Plano, Texas 75024.

On December 28, 2018, Plaintiff filed a motion for default judgment.

Both Defendant's Motion to Dismiss and Plaintiff's Motion for the Entry of a Default Judgment were set for hearing on February 19, 2019.

Prior to the hearing, Plaintiff contacted the Court and requested that he be permitted to appear by telephone. Since Plaintiff is representing himself, and resides in Texas, the Court granted Plaintiff's request.

On February 19, 2019, Defendant failed to appear at the hearing. Since neither Plaintiff nor Defendant were available in person to participate in oral argument, the Court reviewed the pleadings and concluded that oral argument would not be of assistance in resolving the parties' respective motions. Since the Court is resolving these matters on the pleadings, no additional hearings will be scheduled at this time.

II.

STANDARD FOR DISMISSAL AND FOR ENTRY OF DEFAULT JUDGMENT

There are two matters before the Court, Plaintiff's Motion for the Entry of Default Judgment and Defendant's Motion to Dismiss. The Court will first discuss Plaintiff's Motion for Entry of Default Judgment. Plaintiff seeks a default judgment against Plaintiff on the grounds that Defendant failed to file an answer, and therefore Plaintiff is entitled to judgment under Fed. R. Bankr. P. 7055, which applies Fed. R. Civ. P. 55 to bankruptcy proceedings.

Plaintiff is correct that Defendant failed to file an answer to the Complaint, but Defendant's failure to file an answer does not entitle Plaintiff to a judgment because Defendant responded to the Complaint by filing a Motion to Dismiss. Pursuant to Fed. R. Bank. P. 7012, which applies Fed. R. Civ. P. 12 to bankruptcy cases, a Motion to Dismiss for failure to state a claim, commonly referred to as a "12(b)(6) motion" must be "made before pleading if a responsive pleading is allowed." In other words, a defendant who is asserting that plaintiff's complaint fails to state a claim, must file a motion to dismiss *prior* to filing an answer. *In re Vanwinkle*, 562 B.R. 671, 676 (Bankr. E.D. Ky. 2016)("[a] party may file a motion to dismiss for 'failure to state a claim upon which relief can be granted' in lieu of filing a responsive pleading); *In re Sams*, 106 B.R. 485, 488 (Bankr. S.D. Ohio 1989)("Rule 7012 contemplates that such motions [to dismiss] will be filed before a responsive pleading"). Defendant was not required to file an answer to Plaintiff's Complaint because Defendant filed a Motion to Dismiss pursuant to Fed. R. Bankr. P. 12 and Fed. R. Civ. P. 12(b)(6) instead of an answer. Because Defendant was not required to file an answer to Plaintiff's Complaint, Plaintiff has failed to

6

state grounds for obtaining a default judgment, and Plaintiff's Motion is denied.[1]

The second matter before this Court is Defendant's Motion to Dismiss. Motions to dismiss for failure to state a claim are governed by Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of plaintiff. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011); *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a legal conclusion couched as a factual allegation need not be accepted as true. *Rondigo*, 641 F.3d at 680. Plaintiffs' obligation to provide the "grounds" for their claimed entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. The factual allegations must raise the right to relief above the speculative level. *Id.* The complaint must state a claim that is plausible on its face, i.e., the court must be able to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.; See also Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). This plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Rondigo*, 641 F.3d at 680."Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly* at 557).

---

[1] In Plaintiff's Motion for Judgment by Default, Plaintiff states that a "default was entered in the civil docket in the office of this clerk on the 24 day of November, 2018". This Court could not find such a document. It does not appear that a clerks' entry of default was entered in this case.

7

III.

ANALYSIS

**A.     Non-Dischargeability of Debt Under 11 U.S.C. § 523(a)(2)(A)**

Count I of Plaintiff's Complaint alleges that any balance owed to Plaintiff as a result of Defendant's default on her lease payments is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A). Defendant argues that Plaintiff's case must be dismissed because Plaintiff has failed to state a claim against Defendant under 11 U.S.C. § 523(a)(2)(A).

Section 523(a)(2)(A) provides, in pertinent part, that an individual debtor is not discharged from any debt for:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A). When attempting to prove actual fraud under § 523(a)(2)(A), a creditor must establish, by a preponderance of the evidence, each of the following elements:

> (1) The debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth;
>
> (2) The debtor intended to deceive the creditor;
>
> (3) The creditor justifiably relied on the false misrepresentation; and
>
> (4) Its reliance was the proximate cause of the loss.

*Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-281 (6th Cir. 1998). Fraud claims under § 523(a)(2)(A) must be plead with particularity pursuant to Federal Rule of Civil Procedure 9(b), made applicable to these proceedings pursuant to Federal Rule of Bankruptcy Procedure 7009. *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir.

8

2011).

The moving party must also prove intent to deceive *at the time* the parties entered into the transaction. Intent, under *Rembert*, is measured subjectively. *Rembert*, 141 F.3d at 281. A debtor intends to deceive a creditor "when the debtor makes a false representation which the debtor knows or should have known would induce another to advance goods or services to the debtor." *Bernard Lumber Co. v. Patrick (In re Patrick)*, 265 B.R. 913, 916 (Bankr. N.D. Ohio 2001). Fraudulent intent requires an actual intent to mislead, which is more than mere negligence. . . A 'dumb but honest' [debtor] does not satisfy the test." *Palmacci v. Umpierrez*, 121 F.3d 781, 788 (1st Cir., 1997)(citations omitted).

"Because debtors are unlikely to admit they intended to deceive, intent may be inferred from their actions at the time of and subsequent to the loss. The role of the Court is to, '... consider whether the circumstances, as viewed in the aggregate, present a picture of deceptive conduct by the debtor which indicates an intent to deceive the creditor.'" *Redmond v. Finch (In re Finch)*, 289 B.R. 638, 643 (Bankr. S.D. Ohio 2003), quoting *In re Patrick*, 265 B.R. 913, 916–917 (Bankr. N.D. Ohio 2001), and citing *In re Monfort*, 276 B.R. 793, 796 (Bankr. N.D. Ohio 2001) and *In re Hoover*, 232 B.R. 695, 700 (Bankr. S.D. Ohio 1999).

After reviewing all the facts set forth in Count I of Plaintiff's Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed state a cause of action under 11 U.S.C. § 523(a)(2)(A). A plaintiff cannot prevail on a § 523(a)(2)(A) cause of action without proving every element of the statute. In the instant case, Plaintiff's Complaint fails to allege any facts to support a cause of action against Defendant under § 523(a)(2)(A). To state a cause of action under 11 U.S.C. § 523(a)(2)(A), Plaintiff must state facts demonstrating that

Defendant made a misrepresentation that *induced* Plaintiff to do something, and the misrepresentation resulted in damage to Plaintiff. Plaintiff's damages flow from Defendant's breach of a lease agreement, and Plaintiff fails to allege Defendant made any misrepresentations prior to the signing of the lease. Because Plaintiff fails to allege that Defendant made any misrepresentations at the time she entered into the lease agreement, Plaintiff also fails to demonstrate that he was induced to enter into the lease as a result of Plaintiff's misrepresentations. A default on a lease is a breach of contract claim, not a fraud claim. Since Plaintiff has failed to plead all the elements of a cause of action under 11 U.S.C. § 523(a)(2)(A), this Court GRANTS Defendant's motion to dismiss Count I of Plaintiff's Complaint.

B. **Non-Dischargeability of Debt Under 11 U.S.C. § 523(a)(4)**

Plaintiff also seeks a non-dischargeable judgment under 11 U.S.C. § 523(a)(4). Section 523(a)(4) provides:

> (a) A discharge under section 727,1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> > (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11 U.S.C. § 523(a)(4).

In plain language, § 523(a)(4) excepts from discharge three different types of debts: (1) debts for fraud or defalcation while acting in a fiduciary capacity; (2) debts for embezzlement; and (3) debts for larceny. *Graffice v. Grim (In re Grim)*, 293 B.R. 156, 166-7 (Bankr. N.D. Ohio 2003) *citing Ronk v. Maresh (In re Maresh)*, 277 B.R. 339, 347 (Bankr. N.D. Ohio 2001).

10

### i. Fraud or Defalcation While Acting as a Fiduciary

A debt is non-dischargeable as fraud or defalcation while acting in a fiduciary capacity when the preponderance of the evidence establishes that there is a: (1) a preexisting fiduciary relationship; (2) breach of that fiduciary relationship; and (3) a resulting loss. *Board of Trustees of the Ohio Carpenters' Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 639 (6th Cir. 2007).

Plaintiff's Complaint does not allege the elements of a cause of action based on fraud while acting in a fiduciary capacity. The Complaint does not allege that there was a fiduciary relationship between Plaintiff and Defendant arising from the presence of an express or technical trust. Plaintiff does not allege that he and Defendant intended to create a trust, that Defendant was a trustee, that there was a specific trust *res* or that Plaintiff was a beneficiary of the alleged trust. Instead, Plaintiff alleges that he is owed money on a lease. A landlord/tenant relationship is not a fiduciary relationship and does not create the fiduciary relationship necessary for a determination of non-dischargeability under § 523(a)(4). *In re Logan*, 2014 WL 1304604, *2 (Bankr. W.D. Ohio)("a landlord tenant relationship [does not] result in the type of express or technical trust set forth in *Garver*."). Because there is no fiduciary relationship between Plaintiff and Defendant as that term is defined by the relevant case law, Plaintiff fails to state a claim for fraud or defalcation under § 523(a)(4).

### ii. Embezzlement and Larceny

11 U.S.C. § 523(a)(4) also prevents a debtor from discharging a debt arising out of embezzlement or larceny. Plaintiff has not pled any facts which would support a claim that Defendant's failure to make lease payments constitutes either embezzlement or larceny.

Accordingly, this Court finds that Plaintiff has failed to state a claim under 11 U.S.C. §523(a)(4) and Count II of Plaintiff's Complaint is dismissed..

**C.      Non-Dischargeability of Debt Under 11 U.S.C. § 523(a)(6)**

Plaintiff also seeks a non-dischargeable judgment under 11 U.S.C. § 523(a)(6). Section 523(a)(6) states:

> (a) A discharge under section 727,1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

In order to establish non-dischargeability of debt based on willful and malicious injury, a court must make separate findings that the resulting injury was both "willful" and "malicious." *Eberhardt v. Comerica Bank*, 171 B.R. 239, 244 (Bankr. E.D. Mich. 1994) (*citing* 11 U.S.C. §523(a)(6)) (emphasis added). The absence of one creates a dischargeable debt. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999). The Supreme Court has explained that, for a debt to be non-dischargeable under § 523(a)(6), the actor [must] intend "the consequences of an act," not simply "the act itself." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)(quoting Restatement (Second) of Torts § 8A, Comment a, p. 15 (1964)). The Sixth Circuit Court of Appeals has further qualified that a willful and malicious injury occurs only if the debtor (1) desires "to cause the consequences of this act, or" (2) "believes those consequences are substantially certain to result from it." *Markowitz*, 190 F.3d at 464.

"A breach of contract cannot constitute the willful and malicious injury required to trigger § 523(a)(6)." *In re Best*, 2004 WL 1544066, *6 (6th Cir.). In *In re Best,* the bankruptcy

12

court found that "it is not wrong in a legal sense under § 523(a)(6) not to pay your debts.... There has to be this wrongful act, that's done intentionally, which necessarily produces harm, and is without just cause or excuse." *See also, Salem Bend Condominium Ass'n, Section One v. Bullock–Williams (In re Bullock–Williams )*, 220 B.R. 345 (6th Cir. BAP 1998)(breach of contractual obligation to pay condominium fees does not constitute willful and malicious injury under § 523(a)(6)).

In this case, Plaintiff has failed to allege a single fact which would support the non-dischargeability of Defendant's debt under 11 U.S.C. § 523(a)(6). In Count III of his Complaint, Plaintiff quotes 11 U.S.C. § 523(a)(6) and then summarily requests a judgment of nondischargeability. Plaintiff does not allege that Defendant's debt to Plaintiff was a result of a "willful and malicious injury". Plaintiff merely states that Defendant should have used money paid to her through her divorce settlement to pay him for the past due rent. Defendant's failure to pay rent gives rise to a breach of contract claim, regardless of the reason Defendant failed to pay. A breach of contract claim does not create a cause of action under 11 U.S.C. § 523(a)(6). Because Plaintiff has failed to state any fact which would support a cause of action under 11 U.S.C. § 523(a)(6), this Court GRANTS Defendant's motion to dismiss with respect to Count III of Plaintiff's Complaint.

**D.   Denial of the General Discharge Under 11 U.S.C. § 727(a)(3)**

Count IV of Plaintiff's Complaint alleges that Plaintiff should be denied a discharge pursuant to 11 U.S.C. § 727(a)(3). Section 727(a) of the Bankruptcy Code provides that a debtor is entitled to a discharge unless one or more of eight exceptions is met. Although exceptions to

13

discharge are strictly construed (*See*, *Rembert,*141 F.3d at 281), "a discharge in bankruptcy is a privilege, not a right, and should only inure to the benefit of the honest debtor." *Wazeter v. Michigan National Bank (In re Wazeter)*, 209 B.R. 222, 227 (W.D. Mich. 1997). "The purpose and intent of § 727 is to make the privilege of discharge dependent upon a true presentation of financial affairs." *Id.* at 227. "It was never intended that a bankrupt, after failure, should be excused from his indebtedness without showing an honest effort to disclose his entire business, not just a fraction thereof." *Office of the Comptroller General of the Republic of Bolivia v. Tractman*, 107 B.R. 24 (S.D.N.Y.1989). "Full disclosure provides the trustee and the bankruptcy court complete and accurate information concerning the status of a debtor's affairs." *In re Slocombe,* 344 B.R. 529, 534 (Bankr. W.D. Mich. 2006).

Under § 727(a)(3), a debtor may be denied a discharge for failure to keep adequate financial records. Bankruptcy Code § 727(a)(3) bars a debtor's discharge if:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

11 U.S.C. § 727(a)(3). In order to prevail on a § 727(a)(3) action, the creditor must establish: (1) that the debtor failed to keep or preserve books or records; and (2) that such failure makes it impossible to ascertain the debtor's financial condition and material business transactions. *In re Cutler*, 291 B.R. 718, 724 (Bankr. E.D. Mich. 2003) *citing Beneficial Mortgage Co. v. Craig (In re Craig)*, 140 B.R. 454, 458 (Bankr. N.D. Ohio 1992). The creditor has the burden of proving the inadequacy of the debtor's records. *Id.*; *CM Temporary Services, Inc. v. Bailey (In re Bailey)*, 375 B.R. 410, 415 (Bankr. S.D. Ohio 2007) *citing Grange Mut. Ins. Co. v. Benningfield*

14

*(In re Benningfield)*, 109 B.R. 291, 293 (Bankr. S.D. Ohio 1989). A debtor may be denied his discharge for failure to maintain adequate records even if the debtor lacked the intent to conceal financial information. *Cutler*, 291 B.R. at 724 *citing American Motors Leasing Corp. v. Morando (In re Morando)*, 116 B.R. 14 (Bankr. D. Mass. 1990); *Reynolds v. Miller (In re Miller)*, 97 B.R. 760, 763 (Bankr. W.D.N.Y. 1989). The adequacy of the debtor's records must be established on a case by case basis. *United States v. Trogdon (In re Trogdon)*, 111 B.R. 655, 658 (Bankr. N.D. Ohio 1990). "Considerations to make this determination include debtor's occupation, financial structure, education, experience, sophistication and any other circumstances that should be considered in the interest of justice." *Trogdon*, 111 B.R. at 658. The ultimate burden of persuasion, as always, rests with the creditor. *Bailey*, 375 B.R. at 416.

In the instant case, Plaintiff has failed to allege a single fact which would support denial of discharge under 11 U.S.C. § 727(a)(3). In Count IV of his Complaint, Plaintiff quotes 11 U.S.C. § 727(a)(3) and then requests a judgment of nondischargeability. Plaintiff does not allege that Defendant failed to preserve records or that a failure to maintain records has made it impossible for Plaintiff to ascertain Defendant's financial condition. Since Plaintiff has failed to state any fact which would support a cause of action under 11 U.S.C. § 727(a)(3), Count IV of Plaintiff's Complaint must be dismissed.

Although Plaintiff's Complaint fails to state any statutory basis for denying Debtor her discharge, the factual allegations stated in the Complaint might give rise to a cause of action under 11 U.S.C. § 723(a)(5). 11 U.S.C. § 727(a)(5) states that a debtor may be denied a discharge if the "debtor has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities." In his Complaint, Plaintiff alleges that Defendant has

significant assets which she failed to account for on her bankruptcy schedules. Specifically, Plaintiff alleges that Defendant failed to list: (1) the $50,000 she received in Fidelity accounts in her divorce proceeding (Complaint, ¶ 13(a)); and (2) the house at 13960 Dolphin Street in Detroit (Complaint, ¶ 13(b)). Plaintiff also alleges that Defendant significantly undervalued her household belongings and jewelry (Complaint, ¶ 13 (c)-(f)).

With regard to the house on Dolphin Street, the Court notes that the Judgment of Divorce awarded this asset to Defendant's spouse, Jeremie McCoy. Since the house did not belong to Defendant at the time she filed for bankruptcy, it is not an asset of Defendant's bankruptcy estate. With regard to the other assets that Defendant either failed to list or allegedly undervalued, Defendant does have an obligation to explain what happened to those assets. All that is required of Defendant is that she provide a "satisfactory" explanation, and it is both plausible and probable that Defendant provided a satisfactory explanation to the Chapter 7 Trustee at the first meeting of creditors. The Court notes that the Chapter 7 Trustee filed her no asset report one day after the first meeting of creditors, which strongly suggests that the Trustee concluded that Defendant's bankruptcy schedules accurately reflected assets available for distribution to creditors. In the context of this adversary proceeding however, Defendant must respond to Plaintiff's factual allegations about the lack of explanation for the dissipation or valuation of assets. In her Motion to Dismiss, Defendant does not respond to these factual allegations.

Viewing these factual allegations in the light most favorable to Plaintiff, Plaintiff has stated a cause of action under 11 U.S.C. § 727(a)(5). Plaintiff is representing himself in this suit and it is likely that he did not understand the distinction between a cause of action under 11

16

U.S.C. § 727(a)(3) and a cause of action under 11 U.S.C. § 727(a)(5). Because Plaintiff has alleged facts which could state a cause of action, this Court is giving Plaintiff until March 20, 2019 to file an amended complaint setting forth a cause of action under 11 U.S.C. § 727(a)(5). Defendant will then have until April 16, 2019 to file a responsive pleading.

IV.

CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment is denied. Counts I through IV of Plaintiff's Complaint are dismissed pursuant to Fed. R. Bankr. P. 12 and Fed. R. Civ. P. 12(b)(6). Plaintiff may file an amended Complaint on or before March 20, 2019. If Plaintiff fails to file an amended complaint, this adversary proceeding will be dismissed.

**Signed on February 20, 2019**



/s/ Marci B. McIvor

**Marci B. McIvor**
**United States Bankruptcy Judge**